734

■ INTERNATIONAL COMPUMEDICS CORPORATION, Respondent-Appellant, v. VOLT INFORMATION SCIENCES, INC., Appellant-Respondent.— Order, Supreme Court, New York County, entered on October 8, 1974, denying defendant's motion and plaintiff's cross motion for summary judgment unanimously affirmed, without costs and without disbursements; and appeal from order of said court granting plaintiff's motion to strike defendant's answer entered on October 8, 1974, unanimously dismissed as moot, without costs and without disbursements. No opinion. Concur— Stevens, J. P., Kupferman, Capozzoli, Nunez and Lynch, JJ.

■ In the Matter of DANIEL LIKER, Petitioner, v. ABRAHAM J. GELLINOFF, Respondent.— Application for an order pursuant to CPLR article 78 in the nature of mandamus unanimously denied, the cross motion granted, and the petition dismissed. Respondent shall recover of petitioner $60 costs and disbursements of this proceeding. No opinion. Concur — Markewich, J. P., Murphy, Lupiano, Tilzer and Lynch, JJ.

■ In the Matter of the Final Accounting of BANKERS TRUST COMPANY, as Surviving Trustee of a Trust Made by ELISABETH ROESSLER, for the Benefit of FRITZ G. ROESSLER. FRANZ G. ROESSLER et al,. Appellants; BANKERS TRUST COMPANY et al., Respondents.— Judgment, Supreme Court, New York County, entered on February 6, 1974, unanimously affirmed, without costs and without disbursements. The motion to dismiss the appeal of the guardian ad litem, renewed on argument of the appeal, is denied. No opinion. Concur — Stevens, J. P., Markewich, Lupiano, Capozzoli and Nunez, JJ.

■ MARY P. SHEETS, Respondent-Appellant, v. MICHAEL J. SHEETS, Appellant-Respondent.— Order and judgment (one paper) of Supreme Court, New York County, entered September 6, 1974, *inter alia*, directing defendant to pay a counsel fee of $10,000, unanimously modified, on the law and on the facts, without costs and without disbursements, to the extent of reducing said award to $5,000. On the record before us we agree with Special Term that $10,000 is a reasonable fee for the services rendered by plaintiff's attorney, including the services rendered on this appeal. However, since plaintiff paid her attorney the sum of $5,000 (plus disbursements of $863.92), the award was excessive to the extent indicated. (Cf. *Kann* v. *Kann*, 38 A D 2d 545.) Concur — Markewich, J. P., Murphy, Tilzer, Capozzoli and Lynch; JJ.